CILENTI & COOPER, PLLC
Justin Cilenti (GC2321)
Peter H. Cooper (PHC4714)
10 Grand Central
155 East 44th Street – 6th Floor
New York, NY 10017
T. (212) 209-3933
F. (212) 209-7102
info@jcpclaw.com
*Attorneys for Plaintiff*

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

-------------------------------------------------------------------X

RAUL GARCIA, on behalf of himself and
others similarly situated,

                      Plaintiff,

   -against-

MBJ CAFETERIA CORP., MBJ LIC CORP.,
MBJ SOUTH INC., JOAQUIN VASQUES,
MICHAEL GELLER, RICHARD HALEM,
and CHANTEY WHITE,

                      Defendants.

-------------------------------------------------------------------X

Case No. 19-CV-3225

FLSA COLLECTIVE
ACTION and RULE
23 CLASS ACTION
COMPLAINT

**Jury Trial
Demanded**

Plaintiff, RAUL GARCIA ("Plaintiff"), on behalf of himself and other similarly

situated employees, by and through his undersigned attorneys, Cilenti & Cooper, PLLC,

files this Complaint against defendants MBJ CAFETERIA CORP. ("MBJ

CAFETERIA"), MBJ LIC CORP. ("MBJ LIC"), MBJ SOUTH INC. ("MBJ SOUTH")

(collectively referred to herein as the "Corporate Defendants"), JOAQUIN VASQUES,

MICHAEL GELLER, RICHARD HALEM, and CHANTEY WHITE (collectively

referred to herein as the "Individual Defendants") (the Corporate Defendants and

Individual Defendants are collectively referred to herein as "Defendants") and states as

follows:

## INTRODUCTION

1.     Plaintiff alleges that, pursuant to the Fair Labor Standards Act, as amended, 29 U.S.C. §§ 201, *et seq.* ("FLSA"), he is entitled to recover from Defendants: (a) unpaid overtime compensation, (b) liquidated damages, (c) prejudgment and post-judgment interest; and (d) attorneys' fees and costs.

2.     Plaintiff further alleges that, pursuant to the New York Labor Law, he is entitled to recover from Defendants: (a) unpaid overtime compensation; (b) unpaid "spread of hours" premium for each day they worked a shift in excess of ten (10) hours; (c) liquidated and statutory damages pursuant to the New York Labor Law and the New York State Wage Theft Prevention Act; (d) prejudgment and post-judgment interest; and (e) attorneys' fees and costs.

## JURISDICTION AND VENUE

3.     This Court has jurisdiction over this controversy pursuant to 29 U.S.C. §216(b), 28 U.S.C. §§ 1331, 1337 and 1343, and has supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. § 1367.

4.     Venue is proper in the Eastern District pursuant to 28 U.S.C. § 1391 because the conduct making up the basis of the complaint took place in this judicial district.

## PARTIES

5.     Plaintiff is a resident of Queens County, New York.

6.     The Corporate Defendants own and operate a full-service catering business under the "MBJ Food Services" brand, which provides corporate and private party catering.

7.      In addition, the Corporate Defendants contract with various City University of New York ("CUNY") higher educational institutions, including, but not limited to, John Jay College, LaGuardia Community College, New York City College of Technology, Eugenio de Hostos Community College, and Borough of Manhattan Community College, to provide cafeteria and catering services.

8.      Defendant MBJ CAFETERIA a domestic business corporation organized under the laws of the State of New York, with a principal place of business at 524 West 59th Street, New York, New York 10019.

9.      Upon information and belief, Defendant MBJ CAFETERIA provides catering and cafeteria services to John Jay College.

10.      Defendant MBJ LIC is a domestic business corporation organized under the laws of the State of New York, with a principal place of business at 31-10 Thomson Avenue, Long Island City, New York 11101.

11.      Upon information and belief, Defendant MBJ LIC provides catering and cafeteria services to LaGuardia Community College.

12.      Defendant MBJ SOUTH is a domestic business corporation organized under the laws of the State of New York, with a principal place of business at 300 Jay Street, Brooklyn, New York 11201.

13.      Upon information and belief, Defendant MBJ SOUTH provides catering and cafeteria services to New York City College of Technology.

14.      At all relevant times, defendant JOAQUIN VASQUEZ, has been the principal and founder of MBJ Food Services, and is the Chief Executive Officer of MBJ CAFETERIA, and has held himself out to be an owner, operator, shareholder, proprietor,

supervisor and managing agent of each of the Corporate Defendants. Defendant, JOAQUIN VASQUEZ, actively participates in the day-to-day operations of the Corporate Defendants and acted intentionally and maliciously and is an employer pursuant to the FLSA, 29 U.S.C. § 203(d) and Regulations promulgated thereunder, 29 C.F.R. § 791.2, as well as New York Labor Law § 2 and the Regulations thereunder, and is jointly and severally liable with the Corporate Defendants.

15.    At all relevant times, defendant MICHAEL GELLER, has been the Chief Executive Officer of MBJ LIC, and has held himself out to be an owner, operator, shareholder, proprietor, supervisor and managing agent of each of the Corporate Defendants. Defendant, MICHAEL GELLER, actively participates in the day-to-day operations of the Corporate Defendants and acted intentionally and maliciously and is an employer pursuant to the FLSA, 29 U.S.C. § 203(d) and Regulations promulgated thereunder, 29 C.F.R. § 791.2, as well as New York Labor Law § 2 and the Regulations thereunder, and is jointly and severally liable with the Corporate Defendants.

16.    At all relevant times, defendant RICHARD HALEM, has been the Chief Executive Officer of MBJ SOUTH, and has held himself out to be an owner, operator, shareholder, proprietor, supervisor and managing agent of each of the Corporate Defendants. Defendant, RICHARD HALEM, actively participates in the day-to-day operations of the Corporate Defendants and acted intentionally and maliciously and is an employer pursuant to the FLSA, 29 U.S.C. § 203(d) and Regulations promulgated thereunder, 29 C.F.R. § 791.2, as well as New York Labor Law § 2 and the Regulations thereunder, and is jointly and severally liable with the Corporate Defendants.

17.    At all relevant times, defendant CHANTEY WHITE, has been the Manager of MBJ SOUTH.    As such, Defendant CHANTEY WHITE, actively participates in the day-to-day operations of MBJ SOUTH and was one of Plaintiff's direct supervisors.    Defendant, CHANTEY WHITE, and acted intentionally and maliciously and is an employer pursuant to the FLSA, 29 U.S.C. § 203(d) and Regulations promulgated thereunder, 29 C.F.R. § 791.2, as well as New York Labor Law § 2 and the Regulations thereunder, and is jointly and severally liable with the Corporate Defendants.

18.    The Individual Defendants each exercised control over the terms and conditions of Plaintiff's employment in that they have and have had the power to: (i) hire and fire employees, (ii) determine rates and methods of pay, (iii) determine work schedules, (iv) supervise and control work of the employees, and (v) create and maintain employment records.

19.    The Individual Defendants are present on the premises of the Corporate Defendants on a daily basis, actively supervise the work of the employees, and mandate that all issues concerning the employees' employment – including hours worked and pay received – be authorized and approved by them.

20.    At least within each of the three (3) most recent years relevant to the allegations in this Complaint, each of the Corporate Defendants individually were, and continue to be, "enterprises engaged in commerce" within the meaning of the FLSA in that they (i) have and have had employees engaged in commerce or in the production of goods for commerce, or that handle, sell, or otherwise work on goods or materials that

have been moved in or produced for commerce, and (ii) have and have had an annual gross volume of sales of not less than $500,000.

21.    At least within each of the three (3) most recent years relevant to the allegations in this Complaint, each of the Corporate Defendants jointly were, and continue to be, "enterprises engaged in commerce" within the meaning of the FLSA in that they (i) have and have had employees engaged in commerce or in the production of goods for commerce, or that handle, sell, or otherwise work on goods or materials that have been moved in or produced for commerce, and (ii) have and have had an annual gross volume of sales of not less than $500,000.

22.    Plaintiff was employed by Defendants to work as a non-exempt cook, food preparer/kitchen helper, porter/cleaner, stock person, and food delivery person for MBJ CAFETERIA from in or about 2003 until on or about May 30, 2014.

23.    On or about September 9, 2014, Defendants re-hired Plaintiff to work as a cook and food preparer/kitchen helper for MBJ LIC.

24.    Plaintiff worked in those capacities for MBJ LIC until in or about October 2014.

25.    In or about November 2014, Defendants transferred Plaintiff to work as a cook and food preparer/kitchen helper for MBJ SOUTH.

26.    Plaintiff worked in those capacities for MBJ SOUTH until his employment came to a final conclusion on or about October 2, 2018.

27.    The work performed by Plaintiff was directly essential to the business operated by Defendants.

28.    Defendants knowingly and willfully failed to pay Plaintiff his lawfully earned overtime compensation in direct contravention of the FLSA and New York Labor Law.

29.    Defendants knowingly and willfully failed to pay Plaintiff his lawfully earned "spread of hours" premium in direct contravention of the New York Labor Law.

30.    Plaintiff has satisfied all conditions precedent to the institution of this action, or such conditions have been waived.

<u>**STATEMENT OF FACTS**</u>

31.    The Individual Defendants are present at the Corporate Defendants' locations every day and actively participate in the day-to-day operation of the Corporate Defendants.  For instance, Defendant JOAQUIN VASQUEZ works primarily at MBJ CAFETERIA, and is not only considered the boss, he personally works alongside the employees in the cafeteria, supervises and directs the work of the employees, instructs the employees on how to perform their jobs, and correct them for errors made.

32.    In addition, as principal and founder of MBJ Food Services, Defendant, JOAQUIN VASQUEZ, has similar duties and responsibilities for each of the Corporate Defendants.

33.    Defendant MICHAEL GELLER works primarily at defendant MBJ LIC located at 31-10 Thomson Avenue, and is not only considered the boss, he personally works alongside the employees in the cafeteria, supervises and direct the work of the employees, instructs the employees on how to perform their jobs, and corrects them for errors made.

34.    Defendant RICHARD HALEM works primarily at defendant MBJ SOUTH located at 300 Jay Street, and is not only considered the boss, he personally works alongside the employees in the cafeteria, supervises and direct the work of the employees, instructs the employees on how to perform their jobs, and corrects them for errors made.

35.    Defendant CHANTEY WHITE works primarily at defendant MBJ SOUTH located at 300 Jay Street, and is not only considered the Manager/Supervisor, he personally works alongside the employees in the cafeteria, supervises and direct the work of the employees, instructs the employees on how to perform their jobs, and corrects them for errors made.

36.    In addition, the Individual Defendants jointly approve all crucial business decisions, including decisions as to the hours worked by the employees, the pay the employees are to receive, and the manner and method by which the employees are paid.

37.    The Corporate Defendants are associated as a single enterprise, utilizing Plaintiff and other similarly situated employees in a fungible and interchangeable manner as workers in the business operated by the Defendants.

38.    Upon information and belief, the Corporate Defendants each engage in related activities, namely, providing catering services for profit. The Corporate Defendants shared Plaintiff and other similarly situated employees, acted in the interest of each other with respect to employees, paid their employees by the same plan or scheme, and are under common control.

39.    Upon information and belief, the Corporate Defendants are controlled by the same owner, or owner group, operating as a unified operation and, upon information

and belief, each provide mutually supportive services to the substantial advantage of the other such that each entity is operationally interdependent of each other and, therefore, may be treated as a single enterprise.

40.    The performance of Plaintiff's job responsibilities, as well as the responsibilities of other similarly situated employees, were controlled by one person or group of persons, corporations, or other organizational units acting together.

41.    Defendants hired Plaintiff RAUL GARCIA in or about 2003 to work as a non-exempt cook, food preparer/kitchen worker, porter/cleaner, and food delivery person for MBJ CAFETERIA, where his responsibilities included, but were not limited to, making coffee, making and cooking pizza, cleaning the cafeteria dining area, cleaning the kitchen and kitchen appliances, unpacking and stocking merchandise, and delivering by car hot food made and prepared at the West 59th Street location to other CUNY campuses contracted by Defendants.

42.    Plaintiff continuously worked for Defendant MBJ CAFETERIA in such capacities until on or about May 30, 2014.

43.    Defendants re-hired Plaintiff to work as a non-exempt cook and food preparer/kitchen worker at MBJ LIC.

44.    Plaintiff continuously worked for Defendant MBJ LIC in such capacities until in or about October 2014.

45.    In or about November 2014, Defendants transferred Plaintiff to work as a non-exempt cook and food preparer/kitchen worker at MBJ SOUTH.

46.    Plaintiff continuously worked for Defendant MBJ SOUTH in such capacities until in or about October 2014.

47.    Regardless of which location he worked for Defendants, Plaintiff worked over forty (40) hours per week.

48.    Plaintiff was not required to punch a time clock or other time-recording device to monitor his work hours.

49.    During the relevant six (6) year limitations period beginning in June 2013 and continuing through on or about May 30, 2014, Plaintiff worked six (6) days per week and his work schedule consisted of twelve (12) hours per day Monday through Friday from 7:00 a.m. until 7:00 p.m.; and eleven (11) hours on Saturday from 7:30 a.m. until 6:30 p.m.  Plaintiff received one (1) thirty (30) minute meal break per day.

50.    From June 2013 and continuing through in or about December 2013, Plaintiff was not paid proper overtime compensation.  During this period, Plaintiff was paid, in cash, at the rate of $9.00 per hour straight time for all hours worked, and worked sixty-eight (68) hours per week, and sometimes in excess thereof.  Work performed above forty (40) hours per week was not paid at the statutory rate of time and one-half as required by state and federal law.

51.    Beginning in or about January 2014 and continuing through on or about May 30, 2014, Plaintiff was not paid proper overtime compensation.  During this period, Plaintiff was paid, in cash, at the rate of $10.00 per hour straight time for all hours worked, and worked sixty-eight (68) hours per week, and sometimes in excess thereof. Work performed above forty (40) hours per week was not paid at the statutory rate of time and one-half as required by state and federal law.

52.    Upon re-hiring Plaintiff on or about September 9, 2014 to work for MBJ LIC and continuing through in or about October 2014, Plaintiff worked five (5) days per

week and his work schedule consisted of ten (10) hours per day Monday through Thursday from 7:00 a.m. until 5:00 p.m.; and nine (9) hours on Friday from 7:00 a.m. until 4:00 p.m.

53.     During this period, Plaintiff was not paid proper overtime compensation. During this period, Plaintiff was paid, in cash, at the rate of $14.00 per hour straight time for all hours worked, and worked forty-nine (49) hours per week, and sometimes in excess thereof.  Work performed above forty (40) hours per week was not paid at the statutory rate of time and one-half as required by state and federal law.

54.     Upon being transferred in about November 2014 to work for MBJ SOUTH and continuing through in or about December 2015, Plaintiff worked six (6) days per week and his work schedule consisted of ten (10) hours per day Monday through Thursday from 7:00 a.m. until 5:00 p.m.; nine (9) hours on Friday from 7:00 a.m. until 4:00 p.m.; and seven (7) hours on Saturday from 8:00 a.m. until 3:00 p.m.

55.     During this period, Plaintiff was not paid proper overtime compensation. During this period, Plaintiff was paid, in cash, at the rate of $14.00 per hour straight time for all hours worked, and worked fifty-six (56) hours per week, and sometimes in excess thereof.  Work performed above forty (40) hours per week was not paid at the statutory rate of time and one-half as required by state and federal law.

56.     Beginning in or about January 2016 and continuing through in or about June 2017, Plaintiff worked six (6) days per week and his work schedule consisted of eleven (11) hours per day Monday through Thursday from 6:00 a.m. until 5:00 p.m.; and seven (7) hours per day on Friday and Saturday from 8:00 a.m. until 3:00 p.m.

57.     During this period, Plaintiff was not paid proper overtime compensation. During this period, Plaintiff was paid, in cash, at the rate of $15.00 per hour straight time for all hours worked, and worked fifty-eight (58) hours per week, and sometimes in excess thereof.  Work performed above forty (40) hours per week was not paid at the statutory rate of time and one-half as required by state and federal law.

58.     Beginning in or about July 2017 and continuing through in or about May 2018, Plaintiff worked six (6) days per week and his work schedule consisted of ten (10) hours per day Monday through Thursday from 8:00 a.m. until 6:00 p.m.; and seven (7) hours per day on Friday and Saturday from 8:00 a.m. until 3:00 p.m.

59.     During this period, Plaintiff was not paid proper overtime compensation. During this period, Plaintiff was paid by check up to forty (40) hours per week, with the remainder paid in cash, at the rate of $15.00 per hour straight time for all hours worked, and worked fifty-four (54) hours per week, and sometimes in excess thereof.  Work performed above forty (40) hours per week was not paid at the statutory rate of time and one-half as required by state and federal law.

60.     Beginning in or about June 2018 and continuing through the remainder of his employment on or about October 2, 2018, Plaintiff worked less forty (40) hours per week, and was paid at the rate of $15.00 per hour.  Thus, Plaintiff makes no claim for unpaid wages for this time period.

61.    Defendants failed to provide Plaintiff with weekly wage statements in conjunction with payment of his cash wages, which set forth his weekly gross wages, deductions, and net wages.

62.    Even when paying Plaintiff partly by check beginning in or about July 2017, Defendants failed to provide Plaintiff with wage statements that properly and accurately reflected the number of hours worked, gross income, deductions, and net income.

63.    Defendants knowingly and willfully operate their business with a policy of not paying Plaintiff and other similarly situated employees either the FLSA overtime rate (of time and one-half), or the New York State overtime rate (of time and one-half), in direct violation of the FLSA and New York Labor Law and the supporting federal and New York State Department of Labor Regulations.

64.    Defendants knowingly and willfully operate their business with a policy of not paying Plaintiff and other similarly situated employees "spread of hours" premium for each day that they work a shift in excess of ten (10) hours, in direct violation of the New York Labor Law and the supporting New York State Department of Labor Regulations.

65.    At all relevant times, upon information and belief, and during the course of Plaintiff's employment, Defendants failed to maintain accurate and sufficient time and pay records.

## **COLLECTIVE ACTION ALLEGATIONS**

66.    Plaintiff brings this action individually and as class representative on behalf of himself and all other current and former non-exempt employees who have been

or were employed by Defendants since May 30, 2016 until the close of the opt-in period as ultimately set by the Court (the "Collective Action Period"), and who were compensated at rates less than time and one-half for all hours worked in excess of forty (40) hours per workweek (the "Collective Action Members").

67.    Upon information and belief, the collective action class is so numerous that joinder of all members is impracticable.  Although the precise number of such persons is unknown, and the facts upon which the calculation of that number are presently within the sole control of the Defendants, upon information and belief, there are more than forty (40) Collective Action Members who worked for the Defendants during the Collective Action Period, most of whom would not be likely to file individual suits because they lack adequate financial resources, access to attorneys, or knowledge of their claims.  Therefore, Plaintiff submits that this matter should be certified as a collective action under the FLSA, 29 U.S.C. § 216(b).

68.    Plaintiff will fairly and adequately protect the interests of the Collective Action Members and has retained counsel that is experienced and competent in the fields of employment law and class action litigation.  Plaintiff has no interests that are contrary to or in conflict with those members of this collective action.

69.    This action should be certified as a collective action because the prosecution of separate actions by individual members of the class would create a risk of either inconsistent or varying adjudications with respect to individual members of the class, or adjudications with respect to individual members of the class that would as a practical matter be dispositive of the interests of the other members not parties to the adjudication, or substantially impair or impede their ability to protect their interests.

70.    A collective action is superior to other available methods for the fair and efficient adjudication of this controversy, since joinder of all members is impracticable. Furthermore, inasmuch as the damages suffered by individual Collective Action Members may be relatively small, the expense and burden of individual litigation make it virtually impossible for the members of the collective action to individually seek redress for the wrongs done to them.  There will be no difficulty in the management of this action as a collective action.

71.    Questions of law and fact common to the members of the collective action predominate over questions that may affect only individual members because Defendants have acted on grounds generally applicable to all members.   Among the common questions of law and fact common to Plaintiff and other Collective Action Members are:

a.    Whether Defendants employed Plaintiff and the Collective Action Members within the meaning of the FLSA;

b.    Whether Defendants failed to keep true and accurate wage and hour records for all hours worked by Plaintiff and the Collective Action Members;

c.    What proof of hours worked and pay received is sufficient where the employer fails in its duty to maintain wage and hour records;

d.    Whether Defendants failed to pay Plaintiff and the Collective Action Members overtime compensation for all hours worked in excess of forty (40) hours per workweek, in violation of the FLSA and the regulations promulgated thereunder;

e.     Whether Defendants' violations of the FLSA are willful as that terms is used within the context of the FLSA; and,

f.     Whether Defendants are liable for all damages claimed hereunder, including but not limited to compensatory, liquidated and statutory damages, interest, attorneys' fees, and costs and disbursements.

72.     Plaintiff knows of no difficulty that will be encountered in the management of this litigation that would preclude its maintenance as a collective action.

73.     Plaintiff and others similarly situated have been substantially damaged by the Defendants' wrongful conduct.

## **CLASS ACTION ALLEGATIONS**

74.     Plaintiff sues on his own behalf and on behalf of a class of persons under Rules 23(a), (b)(2), and (b)(3) of the Federal Rules of Civil Procedure.

75.     Plaintiff brings his New York Labor Law claims on behalf of all persons who were employed by Defendants at any time since May 30, 2013 until the end of the opt-out period as ultimately set by the Court (the "Class Period") who were non-exempt employees within the meaning of the New York Labor Law and have not been paid statutory overtime compensation or "spread of hours" premium in violation of the New York Labor Law (the "Class").

76.     Upon information and belief, the persons in the Class identified herein are so numerous that joinder of all members is impracticable. Although the identity and precise number of such persons is unknown, and the facts upon which the calculation of that number may be ascertained are presently within the sole control of Defendants, the Class consists of all non-managerial current and former employees and, therefore, is so

numerous that joinder is impracticable and most of whom would not be likely to file individual suits because they lack financial resources, access to attorneys, or knowledge of their claims.

77.    The claims of Plaintiff are typical of the claims of the Class, and a class action is superior to other available methods for the fair and efficient adjudication of the controversy, particularly in the context of wage and hour litigation, where individuals lack the financial resources to vigorously prosecute a lawsuit in federal court against a corporate defendant.

78.    Defendants have acted on grounds generally applicable to the Class, thereby making appropriate final injunctive relief or corresponding declaratory relief with respect to the Class as a whole.

79.    Plaintiff has committed himself to pursuing this action and has retained counsel experienced in employment law and class action litigation.

80.    Plaintiff will fairly and adequately protect the interests of the NY Class members.  Plaintiff understands that, as class representative, he assumes a fiduciary responsibility to the Class and Collective Action Members to represent their interests fairly and adequately, and that he must consider the interests of the Class and Collective Action Members just as he would represent and consider his own interests, and that he may not favor his own interests over those of the Class or Collective Action Members.

81.    Plaintiff recognizes that any resolution of a class action lawsuit, including any settlement or dismissal thereof, must be in the best interests of the Class and Collective Action Members.  Plaintiff understands that in order to provide adequate

representation, he must remain informed of litigation developments and that he may be called upon to testify in depositions and at trial.

82.    Plaintiff has the same interests in this matter as all other members of the Class and Plaintiff's claims are typical of the Class.

83.    There are questions of law and fact common to the Class which predominate over any questions solely affecting the individual members of the Class, including but not limited to:

a.    Whether Defendants employed Plaintiff and the Class members within the meaning of the New York Labor Law;

b.    Whether Defendants failed to keep true and accurate wage and hour records for all hours worked by Plaintiff and the Class members;

c.    What proof of hours worked and pay received is sufficient where the employer fails in its duty to maintain wage and hour records;

d.    Whether Defendants failed to pay Plaintiff and the Class members overtime compensation for all hours worked in excess of forty (40) hours per workweek, in violation of the New York Labor Law and the regulations promulgated thereunder;

e.    Whether Defendants failed to pay Plaintiff and the Class members "spread of hours" premium for each day they worked a shift in excess of ten (10) hours, in violation of the New York Labor Law and the regulations promulgated thereunder;

f.      Whether Defendants' violations of the New York Labor Law are willful as that terms is used within the context of the New York Labor Law; and,

g.      Whether Defendants are liable for all damages claimed hereunder, including but not limited to compensatory, liquidated and statutory damages, interest, costs, attorneys' fees, and costs and disbursements.

## STATEMENT OF CLAIM

### COUNT I
### [Violation of the Fair Labor Standards Act]

84.     Plaintiff re-alleges and re-avers each and every allegation and statement contained in paragraphs "1" through "83" of this Complaint as if fully set forth herein.

85.     At all relevant times, upon information and belief, the Corporate Defendants were and continue to be an employer engaged in interstate commerce and/or the production of goods for commerce within the meaning of the FLSA, 29 U.S.C. §§ 206(a) and 207(a).   Further, Plaintiff and the Collective Action Members are covered individuals within the meaning of the FLSA, 29 U.S.C. §§ 206(a) and 207(a).

86.     At all relevant times, Defendants employed Plaintiff and the Collective Action Members within the meaning of the FLSA.

87.     Upon information and belief, at least within each of the three (3) most recent years relevant to the allegations herein, each of the Corporate Defendants individually have had gross revenues in excess of $500,000.

88.     Upon information and belief, at least within each of the three (3) most recent years relevant to the allegations herein, each of the Corporate Defendants jointly have had gross revenues in excess of $500,000.

89.     Plaintiff and the Collective Action Members were entitled to be paid at the rate of time and one-half for all hours worked in excess of the maximum hours provided for in the FLSA.

90.     Defendants failed to pay Plaintiff and the Collective Action Members overtime compensation in the lawful amount for all hours worked in excess of the maximum hours provided for in the FLSA.

91.     At all relevant times, Defendants had, and continue to have a policy and practice of refusing to pay overtime compensation at the statutory rate of time and one-half to Plaintiff and the Collective Action Members for all hours worked in excess of forty (40) hours per work week, which violated and continues to violate the FLSA, 29 U.S.C. §§ 201, *et seq.*, including 29 U.S.C. §§ 207(a)(1) and 215(a).

92.     Defendants knowingly and willfully disregarded the provisions of the FLSA as evidenced by their failure to compensate Plaintiff and the Collective Action Members at the statutory overtime rate of time and one-half for all hours worked in excess of forty (40) hours per week when they knew or should have known such was due and that non-payment of overtime compensation would financially injure Plaintiff and the Collective Action Members.

93.     As a result of Defendants' failure to properly record, report, credit and/or compensate its employees, including Plaintiff and the Collective Action Members, Defendants have failed to make, keep and preserve records with respect to each of its

employees sufficient to determine the wages, hours and other conditions and practices of employment in violation of the FLSA, 29 U.S.A. §§ 201 *et seq.*, including 29 U.S.C. §§ 211(c) and 215(a).

94.     Defendants failed to properly disclose or apprise Plaintiff and the Collective Action Members of their rights under the FLSA.

95.     As a direct and proximate result of Defendants' violation of the FLSA, Plaintiff and the Collective Action Members are entitled to liquidated damages pursuant to the FLSA.

96.     Due to the reckless, willful and unlawful acts of the Defendants, Plaintiff and the Collective Action Members suffered damages in an amount not presently ascertainable of unpaid overtime compensation, an equal amount as liquidated damages, and prejudgment interest thereon.

97.     Plaintiff and the Collective Action Members are entitled to an award of their reasonable attorneys' fees, costs and expenses, pursuant to 29 U.S.C. § 216(b).

## COUNT II
### [Violation of the New York Labor Law]

98.     Plaintiff re-alleges and re-avers each and every allegation and statement contained in paragraphs "1" through "97" of this Complaint as if fully set forth herein.

99.     At all relevant times, Defendants employed Plaintiff and the Class members within the meaning of New York Labor Law §§ 2 and 651.

100.    Defendants knowingly and willfully violated the rights of Plaintiff and the Class members by failing to pay Plaintiff and the Class members overtime compensation at the rate of time and one-half for each hour worked in excess of forty (40) hours in a workweek.

101.    Employers are required to pay a "spread of hours" premium of one (1) additional hour's pay at the statutory minimum hourly wage rate for each day where the spread of hours in an employee's workday exceeds ten (10) hours.  New York State Department of Labor Regulations § 146-1.6.

102.    Defendants knowingly and willfully violated the rights of Plaintiff and the Class members by failing to pay a "spread of hours" premium to Plaintiff and the Class members for each day they worked a shift in excess of ten (10) hours pursuant to New York State Department of Labor Regulations.

103.    Defendants failed to properly disclose or apprise Plaintiff and the Class members of their rights under the New York Labor Law.

104.    Defendants failed to furnish Plaintiff and the Class members with a statement with every payment of wages listing gross wages, deductions and net wages, in contravention of New York Labor Law § 195(3) and New York State Department of Labor Regulations § 146-2.3.

105.    Defendants failed to keep true and accurate records of hours worked by each employee covered by an hourly minimum wage rate, the wages paid to all employees, and other similar information in contravention of New York Labor Law § 661.

106.    Defendants failed to establish, maintain, and preserve for not less than six (6) years payroll records showing the hours worked, gross wages, deductions, and net wages for each employee, in contravention of the New York Labor Law § 194(4), and New York State Department of Labor Regulations § 146-2.1.

107.     Neither at the time of his hiring, nor any time thereafter, did Defendants provide Plaintiff and the Class members with a wage notice explaining their regular and overtime rates of pay and their regularly designated payday, in contravention of New York Labor Law § 195(1).

108.     Due to the Defendants' New York Labor Law violations, Plaintiff and the Class members are entitled to recover from Defendants their unpaid overtime compensation, unpaid "spread of hours" premium, reasonable attorneys' fees, and costs and disbursements of this action, pursuant to New York Labor Law §§ 663(1), 198.

109.     Plaintiff and the Class members are also entitled to liquidated damages pursuant to New York Labor Law § 663(1), as well as civil penalties and/or liquidated damages pursuant to the New York State Wage Theft Prevention Act.

## **PRAYER FOR RELEIF**

**WHEREFORE**, Plaintiff RAUL GARCIA, on behalf of himself and all similarly situated Collective Action Members and Class members, respectfully requests that this Court grant the following relief:

(a)     An award of unpaid overtime compensation due under the FLSA and New York Labor Law;

(b)     An award of unpaid "spread of hours" premium due under the New York Labor Law;

(c)     An award of liquidated damages as a result of Defendants' failure to pay overtime compensation pursuant to 29 U.S.C. § 216;

(d)     An award of liquidated damages as a result of Defendants' failure to pay overtime compensation and "spread of hours" premium pursuant to the

New York Labor Law and the New York State Wage Theft Prevention Act;

(e)      An award of statutory damages pursuant to the New York State Wage Theft Prevention Act;

(f)      An award of prejudgment and post-judgment interest;

(g)      An award of costs and expenses associated with this action, together with reasonable attorneys' and expert fees; and

(h)      Such other and further relief as this Court determines to be just and proper.

## JURY DEMAND

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiff demands trial by jury on all issues.

Dated: New York, New York
      May 30, 2019

Respectfully submitted,

CILENTI & COOPER, PLLC
*Attorneys for Plaintiff*
10 Grand Central
155 East 44th Street – 6th Floor
New York, New York 10017
T. (212) 209-3933
F. (212) 209-7102

By:    _____
       Giustino (Justin) Cilenti (GC2321)

**CONSENT TO SUE UNDER**
**FAIR LABOR STANDARDS ACT**

I, _____Raul Garcia_____, am an employee currently or

formerly employed by _____MBJ Food Services_____, and/or related

entities.  I consent to be a plaintiff in the above-captioned action to collect unpaid wages.

Dated: New York, New York
_____4/30_____, 2019

**NOTICE OF INTENTION TO ENFORCE SHAREHOLDER
LIABILITY FOR SERVICES RENDERED**

TO: Joaquin Vasques, Michael Geller, and Richard Halem

PLEASE TAKE NOTICE that pursuant to the provisions of Section 630 of the Business
Corporation Law of New York, you are hereby notified that Raul Garcia and others similarly
situated intend to charge you and hold you personally liable, jointly and severally, as one of the
ten largest shareholders of MBJ Cafeteria Corp., MBJ LIC Corp., and MBJ South Inc. for all
debts, wages, and/or salaries due and owing to him as a laborer, servant and/or employee of the
said corporations for services performed by him for the said corporations within the six (6) years
preceding the date of this notice and has expressly authorized the undersigned, as his attorney, to
make this demand on his behalf.

Dated: New York, New York
       May 30, 2019

                                                CILENTI & COOPER, PLLC
                                                *Attorneys for Plaintiff*
                                                10 Grand Central
                                                155 East 44th Street – 6th Floor
                                                New York, New York 10017
                                                T. (212) 209-3933
                                                F. (212) 209-7102

                                    By: _____
                                                Giustino (Justin) Cilenti